Mark A. Neubauer (SBN 73728)
mneubauer@carltonfields.com
Scott L. Menger (SBN 305877)
smenger@carltonfields.com
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone: (310) 843-6300
Facsimile:  (310) 843-6301

Attorneys for Defendant California Cryobank LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA GARCIA,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CALIFORNIA CRYOBANK LLC, a California entity, d/b/a WWW.CRYOBANK.COM,<br><br>　　　　Defendant. | Case No.: 2:25-cv-07897<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1446 [FEDERAL QUESTION]**<br><br>Complaint filed:　　July 22, 2025<br>Pretrial Conference:　Not Set<br>Trial Date:　　　　　Not Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant 28 § U.S.C. §§ 1331, 1441, and 1446, Defendant California Cryobank LLC ("Defendant") (a Delaware limited liability company with its principal place of business in Connecticut, erroneously sued as California Cryobank LLC, a California entity, d/b/a www.cryobank.com) hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  The Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331 insofar as the Complaint asserts a cause of action against Defendant for Violation of the Wiretap Act, 18 U.S.C. § 2510 *et seq*., codified as Title I of the Electronic Communications Privacy Act, which poses a federal question for the Court.  This removal is timely because it has been filed within thirty (30) days of the date that Defendant was served with the Summons and Complaint.  28 U.S.C. § 1446(b).

## I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S CLAIMS.

On July 22, 2025, Plaintiff Silvia Garcia ("Plaintiff") filed a Complaint against Defendant, entitled *Silvia Garcia v. California Cryobank LLC*, *d/b/a Cryobank.com*, in the Superior Court of the State of California for the County of Los Angeles, Case No. 238TCV21512.  A true and correct copy of the Summons and Complaint (the "Complaint" or "Compl.") is attached hereto as **Exhibit A**. Further, pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders served upon" Defendant, along with a copy of the state court docket as of the date of this filing, are attached hereto as **Exhibit B**.

In her Complaint, Plaintiff sues, <u>inter</u> alia, for Violation of the Federal Wiretap Act, 18 U.S.C. § 2510 et seq. (the Wiretap Act"), over which this Court

1 | has original jurisdiction under 28 U.S.C. §§ 2512 and 2520 and provides the basis
2 | for this Notice of Removal.  Compl. ¶¶ 35-40.

4 | Plaintiff alleges in her Complaint that:
5 | "The tracking pixel installed on Defendant's Website was used to intercept
6 | the contents of communications between Plaintiff and the Website in real
7 | time, including HTTP requests, URLs visited, and other metadata exchanged
8 | as part of Plaintiff's interactions with the site. These communications
9 | constitute "electronic communications" under 18 U.S:C. § 2510(12).

11 | " Defendant and/or its agents intentionally intercepted, or procured the
12 | interception of these-electronic communications using the tracking pixel
13 | technology, without Plaintiff's knowledge or consent.

15 | "The interception occurred contemporaneously with the transmission of the
16 | communication, satisfying the "in transit" requirement under the Wiretap
17 | Act.

19 | "No exception under 18 U.S.C. § 2511(2)(d) applies because Plaintiff did
20 | not consent to the interception, and Defendant exceeded any purported
21 | authorization by misrepresenting the nature of the data collection and the
22 | identity of the third-party recipients.

24 |  "Defendant acted with a tortious and unlawful purpose when it enabled and
25 | permitted a third-party data broker to intercept Plaintiff's electronic
26 | communications through the use of a tracking17 pixel embedded on
27 | Defendant website. Under 18 U.S.C. § 2511(2)(d), even if one party to a
28 | communication consents, the Wiretap Act is violated• if the interception is

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1441, 1446
[FEDERAL QUESTION]

140935673.4

made for the purpose of committing any criminal or tortious act. Courts have recognized that surreptitious data collection in violation of privacy rights can satisfy this "tortious purpose" standard…. Here, Defendants' facilitation of a third-party's interception—despite promising to protect user privacy—was done with the purpose of enabling commercial exploitation of user data in violation of California common law privacy rights, including upon seclusion. This renders the interception unlawful under § 2511(2)(d). Complaint, ¶35-39.

Plaintiff seeks statutory damages under the Wiretap Act plus injunctive relief and attorneys' fees as provided under that Federal Statute. Complaint. ¶ 40.

The remaining causes of action are for Violation of the California Trap and Trace Law, Cal. Penal Code § 638.51, and for California Intrusion Upon Seclusion. Complaint. ¶¶ 41-50 of which this Court has supplemental jurisdiction.

Under 28 U.S.C. § 1367, "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

## II. DEFENDANT'S REMOVAL IS TIMELY.

On July 25, 2025, the Summons and Complaint were personally served on Defendant on July 25, 2025, which is the first date Defendant received a copy of the initial pleading setting forth Plaintiff's claim for relief. Therefore, this Notice of Removal is timely because it is filed within thirty (30) days of July 25, 2025, the date of service of the Summons and Complaint on Defendant. *See* 28 U.S.C. § 1446(b).

## III. JURISDICTION AND VENUE ARE PROPER.

Plaintiff's Complaint was initially filed in the Superior Court of the State of California for the County of Los Angeles. *See* Ex. A. Pursuant to 28 U.S.C. §§ 84(c), 1331, and 1441, this action may be removed to this United States District

Court for the Central District of California, Western Division which is "the district and division embracing the place where such action is pending." *Ibid*.

## IV. PLAINTIFF AND THE STATE COURT WILL BE GIVEN WRITTEN NOTICE OF REMOVAL.

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice of the filing of this Notice of Removal on Plaintiff by and through her counsel of record, the law firm of Scott J. Ferrell, David W. Reid, and Victoria C. Knowles of Pacific Trial Attorneys, APC, 4100 Newport Beach Place Drive, Suite 800, Newport Beach, California, 92660. Further, a copy of this Notice of Removal is being promptly filed with the Clerk of Court for the Honorable Tony L. Richardson in Department 39 of the Superior Court of the State of California, County of Los Angeles. 28 U.S.C. § 1446(d). After Notice of Removal is served on Plaintiff and filed in the Superior Court of the State of California, Defendant will file a Certificate of Service of Notice of Removal in this Court.

## V. CONCLUSION

This Court has removal jurisdiction over this action under 28 U.S.C. §§ 1331 and 1441 because the Complaint in this action "aris[es] under the Constitution, laws, or treaties of the United States," and this Notice is filed within thirty (30) days of Plaintiff's service of the Summons and Complaint on Defendant. *See* 28 U.S.C. § 1446(b). As such, Defendant, which is the sole named defendant in the above-titled action, respectfully removes this action from the Superior Court of the State of California, County of Los Angeles, to this United States District Court for the Central District of California.

This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to, defenses and objections to venue, improper service of

1 | process, and personal jurisdiction.  No admission of fact, law or liability is
2 | intended by this Notice of Removal, and all defenses, motions and pleas are
3 | expressly reserved.

Dated:  August 22, 2025                     CARLTON FIELDS, LLP


By:  /s/ Mark A. Neubauer
          MARK A. NEUBAUER
Attorneys for Defendant CALIFORNIA CRYOBANK LLC