Mark A. Neubauer (SBN 73728)
mneubauer@carltonfields.com
Scott L. Menger (SBN 305877)
smenger@carltonfields.com
CARLTON FIELDS, LLP
2029 Century Park East, Suite 1200
Los Angeles, CA 90067-2913
Telephone: (310) 843-6300
Facsimile: (310) 843-6301

Attorneys for Defendant California Cryobank LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SILVIA GARCIA,

Plaintiffs,

vs.

CALIFORNIA CRYOBANK LLC, a California entity, d/b/a WWW.CRYOBANK.COM,

Defendant.

Case No.: 2:25-cv-07897-FMO-RAO

Assigned to Hon. Fernando M. Olguin

**DECLARATION OF SCOTT L. MENGER IN SUPPORT OF DEFENDANT CALIFORNIA CRYOBANK LLC'S MOTION TO DISMISS THE COMPLAINT**

Date: October 30, 2025
Time: 10:00 a.m.
Courtroom: 6D
350 W. 1st Street
Los Angeles, CA 90012

Complaint filed: July 22, 2025
Pretrial Conference: Not Set
Trial Date: Not Set

# DECLARATION OF SCOTT L. MENGER

I, Scott L. Menger, declare:

1. At all times herein, I am and have been an attorney at law, duly licensed to practice before this Court, and I am a Shareholder in the law firm of Carlton Fields, LLP, attorneys for Defendant California Cryobank LLC in this matter.

2. I have personal knowledge of all the facts set forth in this Declaration and if called and sworn as a witness at trial or any other hearing before this Court, would and could testify as set forth herein.

3. I make this Declaration in support of Defendant California Cryobank LLC's Motion to Dismiss the Complaint and to demonstrate compliance with Local Rule 7-3, *Conference of Counsel Prior to Filing of Motions*.

4. On August 21, 2025, in an effort to avoid the instant Motion to Dismiss, I had a telephonic conference with Plaintiff's counsel, Victoria Knowles, of Pacific Trial Attorneys, APC. Ms. Knowles and I discussed the substantive issues that were going to be raised in California Cryobank LLC's Motion to Dismiss the Complaint – those issues included: (1) Plaintiff lacks Article III standing because she fails to allege injury in fact; (2) Plaintiff cannot simultaneously bring the Wiretap Act and California Trap and Trace Law claims, because those claims are fundamentally incompatible; (3) the Wiretap Act claim fails because no contents of communications were intercepted; (4) the California Trap and Trace Law claim fails because Internet pixels are not "trap and trace devices;" and (5) the Inclusion Upon Seclusion claim fails because there was no highly offensive intrusion upon Plaintiff's private affairs.

5. Ms. Knowles said that she would discuss each issue further with her co-counsel, and that they would consider amending the Complaint accordingly. Ms. Knowles requested that I send her a meet and confer e-mail summarizing the issues we discussed during the conference. Ms. Knowles and I also agreed that I

could send her this e-mail after we received a judicial assignment (following California Cryobank LLC's Notice of Removal to this Court that was filed on Friday, August 22).

6. On August 26, 2025, I sent Ms. Knowles the e-mail that summarized the bases for the Motion to Dismiss that we discussed on the phone. In this e-mail, I proposed a 30-day extension of California Cryobank LLC's time to respond to the Complaint to allow Plaintiff and her counsel time to review the issues and consider amending the Complaint. Ms. Knowles agreed to the extension, and the parties filed a Stipulation for an Extension of Time to Respond on August 26, 2025.

7. Ultimately, Ms. Knowles disagreed with each issue that I raised during the telephonic conference and by e-mail. Ms. Knowles determined that Plaintiff would stand on her Complaint and not amend, dismiss, or otherwise.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2025, at Los Angeles, California.

SCOTT L. MENGER